**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC., | CASE NO. 1:10-cv-02165-OWW-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT BE GRANTED AND THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED** |
| v. | |
| MICHAEL JOE ESTRADA, individually and dba THE ORANGE BAR aka ORANGE BELT BAR, | |
| | (Docket Nos. 8, 9) |
| Defendant. | **OBJECTIONS DUE: 15 DAYS** |

**I. INTRODUCTION**

On November 19, 2010, Plaintiff Joe Hand Productions, Inc. ("Plaintiff") filed a complaint against Defendant Michael Joe Estrada, individually and dba the Orange Bar ("Defendant") alleging violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq.* The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "*Ultimate Fighting Championship 106: Tito Ortiz v. Forrest Griffen II*, a fighting match that was broadcast on Saturday, November 21, 2009.

An executed summons was filed on January 18, 2011, indicating that Defendant was personally served with a copy of the complaint and the summons on December 28, 2010. (Doc. 5.) A response to the complaint was to be filed on or before January 18, 2011. Defendant did not

respond to the complaint, and Plaintiff requested an entry of default on January 20, 2011. (Doc. 6.) The Clerk of the Court entered Defendant's default on January 20, 2011. (Doc. 7.) On February 14, 2011, Plaintiff filed a motion for default judgment. (Doc. 8.) On February 25, 2011, Defendant filed a motion to set aside the entry of default against him and filed an opposition to Plaintiff's motion for default judgment.[1] These motions are currently pending before the Court.

## II.  DISCUSSION

**A.  Defendant's Motion to Set Aside the Clerk's Entry of Default**

### 1.  Legal Standard

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (*"Mesle"*), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). This is the same standard used for determining whether a default judgment should be set aside under Rule 60(b). *Id.* The good cause test is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy concern that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

---

[1] As a technical matter, a party in default is generally precluded from participating in the case until the entry of default has been set aside. *See Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927); *Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. 1:06-cv-0392-AWI-DLB, 2006 WL 2522408, at *2 (E.D. Cal. 2006) ("Clerk of Court's entry of default cuts off Defendants' rights to appear in this action."). However, because the Court finds that the entry of default should be set aside, it is unnecessary to recommend that Defendant's opposition to Plaintiff's motion for default judgment be stricken.

**2.     Analysis**

      **a.     Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber* (*"TCI Group"*), 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citations omitted). A neglectful failure to answer where the defendant offers a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases . . . . " *Id; Mesle*, 615 F.3d at 1092 ("movant cannot be treated as culpable simply for having made a conscious choice not to answer").

Defendant was personally served with this lawsuit on December 28, 2010, when he was not represented by counsel. (*See* Doc. 9, p. 22, ¶ 5.) Defendant explains his failure to respond to the complaint in a timely manner as follows:

> 3.    I failed to respond within the time permitted by law for the following reason: I did not fully appreciate or understand that I was actually being sued in the federal court. Prior to receiving these legal papers I had received other pre-litigation demands from plaintiff's counsel demanding a very large sum of money for allegedly showing Ultimate Fighting Championship 106: Tito Ortiz v. Forrest Griffin II, on Saturday, November 21, 2009, at my business establishment, the Orange Bar. Knowing that this was in fact untrue, I dismissed the demands as completely baseless and nothing more than some type of fraudulent scheme to obtain illegitimate settlement money from bar and restaurant owners. I simply thought it was a scam, and not a real lawsuit.
>
> 4.    After I then received the legal papers indicating that a hearing date was scheduled for a motion for default judgment, I then realized the gravity of the situation. I did not understand previously that I was actually being sued. When the initial summons and complaint were delivered the process server did not specifically state what he was leaving was a lawsuit that must be responded to by a certain time in the United States District Court. I have also not previously been sued, either in federal or state court, and was therefore unfamiliar with the processes and procedures.

(Doc. 9, p. 22, ¶¶ 3-4.)

Plaintiff asserts that Defendant's conscious disregard of the lawsuit because Defendant considered it fraudulent is intentional and culpable. (Doc. 11, 4:5-7 ("It is not that Defendant did not understand the gravity of the documents, it is that he ignored them. Defendant made an independent decision that Plaintiff was acting fraudulently and chose not to respond.").) Plaintiff

3

asserts that Defendant's "unilateral decision" not to respond to the lawsuit "is the very definition of interfering with judicial decision making." (Doc. 11, 4:24-25.)

The Court finds that Defendant has offered a sufficient explanation as to why he failed to timely respond to the complaint. The standard of intentionality that Plaintiff urges the Court to adopt is too stringent and has been emphatically rejected by the Ninth Circuit. *Mesle*, 615 F.3d at 1092-93. At the time of service of the suit, Defendant had no legal representation, and he thought the lawsuit was a fraudulent attempt to force him to pay money to Plaintiff. There are simply no facts before the court to demonstrate that Defendant intentionally failed to answer the lawsuit <u>for the purpose</u> of taking advantage of an opposing party, interfering with judicial decision making, or manipulating the legal process. *See TCI Group*, 244 F.3d at 697. While Defendant's belief that the lawsuit was fraudulent might have interfered with judicial decision making – as Plaintiff contends – such interference was inadvertent and minimal. This is especially so considering that Defendant is not an attorney and was not represented by counsel at the time he was served. Moreover, as soon as Defendant had an indication that the lawsuit was legitimately proceeding, through service of the motion for default judgment, Defendant retained counsel who immediately filed this motion to set aside the entry of default. (Doc. 9, p. 22, ¶¶ 4-5.) The Court finds that there are no facts to demonstrate that Defendant acted in bad faith and engaged in culpable conduct in failing to respond timely to the lawsuit.

### b.   Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).

Defendant provides a declaration stating that the fight program that Plaintiff alleges was shown at Defendant's business establishment was not displayed there:

> 6.   I believe that I have a just and complete defense to the Complaint filed herein for the following reasons: I did not exhibit the subject television program at my place of business. Additionally, no one else displayed the subject

> television program at the Orange Bar either.  I was personally present at the place of business on Saturday, November 21, 2009, and I am hereby testifying that the subject fight program was simply not displayed there.  I remember that day in particular because it happens to be my grandmother's birthday, and after spending some time with her on that day I arrived at the Orange Bar in the evening and there was no fight program being shown on my televisions.

(Doc. 9, p. 10, ¶ 6.) Defendant further asserts that Plaintiff's investigator's description of the employee allegedly working at the Orange Bar on November 21, 2009, does not fit the description of any of Defendant's employees working that evening. (Doc. 9, p. 10, ¶ 7.) Thus, Defendant challenges the accuracy of Plaintiff's investigator who has provided testimony through a declaration regarding the exhibition of the program at the Orange Bar.

Defendant asserts that he did not show the program and, therefore, did not commit any act of piracy with regard to the program Plaintiff asserts was illegally intercepted and broadcast at the Orange Bar.  At this stage, the Court finds that Defendant's contentions establish a meritorious defense.  Plaintiff asserts this is not sufficient because Defendant "presents no objective evidence in support of his contentions." (Doc. 11, 8:3.) Defendant has no obligation to prove his contentions to establish a meritorious defense for purposes of being relieved from an entry of default.  Whether Defendant's factual allegations are true is a matter that will be considered later in the litigation. *TCI Group*, 244 F.3d at 700.

      **c.**    **Prejudice to Plaintiff**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701.  Defendant asserts that there are no circumstances in this case "that demonstrate how [Plaintiff] would in any way be prejudiced by allowing [D]efendant to have his day in court and be heard on the merits of this dispute." (Doc. 9, 7:20-21.) Plaintiff does not assert how it will be prejudiced; instead, Plaintiff asserts that prejudice may be presumed because Defendant failed to address the prejudice factor in his motion. (Doc. 11, 9:2-10.)

Contrary to Plaintiff's assertion, Defendant addressed the prejudice factor in his motion stating that there were no facts to establish that Plaintiff would be prejudiced by allowing an entry of default judgment to be set aside at this early stage of the litigation. (*See* Doc. 9, 7:19-21.) As

Defendant correctly points out in his reply brief (*see* Doc. 12, 7:20-21), Plaintiff is not prejudiced simply because it lost a "quick victory due to [Defendant's] procedural default and must litigate on the merits." *TCI Group*, 244 F.3d at 701 (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000)). Plaintiff does not present facts indicating it would be prejudiced by anything greater than a short delay.[2]

**B.     Plaintiff's Motion for Default Judgment**

As the Court recommends that Defendant's motion to set aside the Clerks' entry of default be granted, Plaintiff's motion for default judgment is essentially moot. Further, as Defendant has now appeared, the strong policy favoring merits-based decisions weighs heavily against a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).[3] The Court recommends that Plaintiff's motion for default judgment be denied.

### III.   RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1.     That Defendant's Motion to Set Aside the Entry of Default be GRANTED; and

2.     That Plaintiff's Motion for Default Judgment be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

---

[2] The delay in this case is particularly de minimis. Defendant was served on December 28, 2010, his default was entered on January 20, 2011, Plaintiff's motion for default judgment was filed on February 14, 2011, and Defendant's motion to set aside was filed on February 24, 2011.

[3] The Court also notes that other *Eitel* factors weigh against default judgment, including the large amount of money alleged to be at stake, as Plaintiff is requesting a large statutory damage award. Further, Defendant's default amounts to excusable neglect, and there are disputed issues of material fact.

waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      March 31, 2011**                                     /s/ Sheila K. Oberto
                                                                                    UNITED STATES MAGISTRATE JUDGE