1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

## EASTERN DISTRICT OF CALIFORNIA

11  JOE HAND PROMOTIONS, INC.,              CASE NO. 1:10-cv-02165-OWW-SKO

12              Plaintiff,                   **ORDER GRANTING PLAINTIFF'S**
                                            **MOTION TO STRIKE**
13       v.                                 **DEFENDANT'S AFFIRMATIVE**
                                            **DEFENSES**
14
15  MICHAEL JOE ESTRADDA, individually
    and dba THE ORANGE BAR,
                                            (Docket No. 20)
16              Defendant.
17  _____/

18                      **I.   INTRODUCTION**

19        On November 19, 2010, Plaintiff Joe Hand Productions, Inc. ("Plaintiff") filed a complaint

20  against Defendant Michael Joe Estrada, individually and dba The Orange Bar ("Defendant"), alleging

21  violations of 47 U.S.C. §§ 553 and 605, as well as causes of action for conversion and for violation

22  of the California Business and Professions Code section 17200, *et. seq.*  The suit is based on

23  Defendant's alleged unlawful interception, receipt, and exhibition of "*Ultimate Fighting*

24  *Championship 106: Tito Ortiz v. Forrest Griffen  II*," a fighting match that was broadcast on

25  Saturday, November 21, 2009.

26
27
28

On April 4, 2011, Defendant filed an answer to the complaint asserting fourteen affirmative defenses. (Doc. 16.)[1]   On April 25, 2011, Plaintiff filed a motion to strike all of Defendant's affirmative defenses arguing that they were insufficient. (Doc. 20.) On April 28, 2011, Defendant filed an opposition. (Doc. 21.)   For the reasons stated below, Plaintiff's motion to strike is GRANTED.  Defendant may file an amended answer within 15 days of the date of this order.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005).  An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).   A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Further, a defense that demonstrates the plaintiff has not met its burden of proof as to an element the plaintiff is required to prove is not an affirmative defense.  *Barnes v. AT&T Pension Benefit Plan*, No.718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (quoting *Zivokovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Rather, an affirmative defense is one that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all the elements of the plaintiff's claim are proven.  *Id.* (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997

---

[1] Defendant filed his answer before the District Judge had adopted the Magistrate Judge's Findings and Recommendations that the entry of Defendant's default be set aside.  On April 25, 2011, the District Judge issued an Order Adopting the Magistrate Judge's Findings and Recommendations and ordered that Defendant prematurely filed answer be deemed filed as of April 25, 2011.  (Doc. 19.)

WL 468330, at *3 (6th Cir. 1997) (internal quotation marks omitted)).  An affirmative defense is one on which the defendant has the burden of proof.  *Id.* (citing *Kanne v. Conn. General Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988)).

As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent.  *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986).  Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in absence of prejudice to the opposing party.  *Wyshak*, 607 F.2d at 826- 27.

**B.    Analysis**

**1.    Defenses Alleged Not to Qualify as Affirmative Defenses**

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  In contrast, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses.  *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *5 (E.D. Cal. Sept. 23, 2010).  Here, Plaintiff argues that several defenses asserted by Defendant do not actually constitute affirmative defenses.

**a.    First Affirmative Defense (Failure to State a Claim)**

Defendant's first affirmative defense asserts that Plaintiff fails to state a cause of action against Defendant.  (Doc. 16, 3:17-19.)  Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense.  *Barnes*, 718 F. Supp. 2d at 1174 (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.")).  Accordingly, Defendant's first affirmative defense for failure to state a claim is STRICKEN.

1   **b.    Second Affirmative Defense (Individual Liability)**

2       Defendant's Second Affirmative Defense states that Defendant cannot be held "individually

3   liable for actions, if any, of other individuals," and Defendant did not reap any commercial profit

4   from any alleged violation.  Defendant cites *J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*,

5   648 F. Supp. 2d 469, 473 (E.D.N.Y 2009).  Defendant contends that 291 *Bar & Lounge, LLC* stands

6   for the proposition that there can be no individual liability in a signal piracy case if the complaint

7   contains no allegation that the defendant was present for the violation, authorized or controlled it,

8   or reaped commercial profit from it.  (Doc. 21, 6:6-12.)  Plaintiff asserts this is not an affirmative

9   defense and only a possible defense at trial.  (Doc. 20, 7:22-23.)

10      This is essentially an argument that Plaintiff's complaint is insufficiently pled for purposes

11  of a claim against Defendant in his individual capacity.  This is a defense that can be raised by

12  Defendant, but it is not an affirmative defense in a technical sense.   *Barnes*, 718 F. Supp. 2d at

13  1173-74.  Defendant's Second Affirmative Defense is STRICKEN.

14  **c.    Third Affirmative Defense (Duplicative Recovery)**

15      Defendant's Third Affirmative Defense asserts that Plaintiff cannot recover statutory damages

16  under Section 553 or Section 605 *and* recover damages for conversion.  (Doc. 16, 3:26 - 4:4.)

17  Plaintiff asserts that this is not an affirmative defense; it is only a denial of Plaintiff's right to recover.

18  Further, even to the extent that Defendant is correct, it is permissible to plead alternative theories of

19  relief.  (Doc. 20, 8:1-9.)  Defendant counters that this defense is essentially that Plaintiff cannot

20  obtain the recovery sought even if all of Plaintiff's allegations are true, which is "by definition an

21  affirmative defense." (Doc. 21, 7:3-17.)

22      Defendant has not set forth an additional set of facts showing that Plaintiff may not recover

23  even assuming the allegations of the complaint are proven.  *See Barnes, supra.*  Rather, this is an

24  assertion that Plaintiff's recovery for conversion would be duplicative of damages awarded under

25  Sections 553 or 605, and the conversion claim is not viable for that reason.  Defendant is free to raise

26  this as a defense during the litigation, but it is not accurately characterized as an affirmative defense.

27  *Cf. Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1079 n.7 (2d Cir. 1993) (defense that damages cannot

28  be awarded for both breach of release and underlying claim is an argument about the propriety of an

award of full damages on mutually exclusive claims rather than an affirmative defense). Defendant's Third Affirmative Defense is STRICKEN.

### d. Fourth Affirmative Defense (No Recovery under both 553 and 605)

Defendant's Fourth Affirmative Defense states that Plaintiff cannot recover damages under both Sections 553 and 605.  (Doc. 16, 4:6-10.)   Plaintiff argues this is merely a denial of Plaintiff's right to recover and is not properly asserted as an affirmative defense.  (Doc. 20, 8:10-17.)

Defendant correctly contends that Plaintiff may not recover under both Section 553 and Section 605 for a single violation. *J & J Sports Prods, Inc. v. Manzano*, No. 08-cv-01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he cannot violate both by a single action of interception.").  However, the pleading rules allow a party to state inconsistent claims or defense. *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("Not all contentions that attack a plaintiff's cause of action are affirmative defenses.  Rather, a defense is an affirmative defense if it will defeat a plaintiff's claim even when the plaintiff has stated a prima facie case for recovery under the applicable law.").  Therefore, Defendant's Fourth Affirmative Defense is STRICKEN.

### e. Fifth Affirmative Defense (No Satellite System)

Defendant's Fifth Affirmative Defense asserts that Defendant cannot be liable as a matter of law under Section 605 because there was no satellite television system at the establishment.  Plaintiff asserts that, if proven, this may be a defense to liability, but it is not a viable affirmative defense.  Defendant argues that the complaint did not specify the means by which Defendant obtained the protected television signal; thus, the fact that Defendant had no satellite system makes it legally impossible for Plaintiff to recover under Section 605.

This is essentially a claimed deficiency in Plaintiff's prima facie case under Section 605. *Flay-O-Rich v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense).  Defendant is not precluded from raising this issue as part of his defense of liability under Section 605, but it is not an affirmative defense.  Defendant's Fifth Affirmative Defense is STRICKEN.

### f.    Sixth Affirmative Defense (Damages Caused by Others)

Defendant's Sixth Affirmative Defenses states that any damages to Plaintiff were not caused by Defendant, but were the result of Plaintiff's own actions or breaches, or the acts of third parties over which Defendant has no control.  (Doc. 16, 4:17-20.)  Plaintiff asserts this is merely a denial of an element of Plaintiff's causes of action; further, it does not give fair notice as to what actions by Plaintiff or others occurred.  The Court agrees that this is merely an attack on the prima facie elements of Plaintiff's claim and is not an affirmative defense.  *Flay-O-Rich,* 846 F.2d at 1349.  Further, even assuming it is an affirmative defense, the defense itself is insufficiently pled.  Defendant's Sixth Affirmative Defense is STRICKEN.

### g.    Seventh Affirmative Defense (Excessive Damages)

Defendant's Seventh Affirmative Defense asserts that the damages assessed should be "constrained by the 'per person' valuation method and capped at $50.00 per person or a similarly modest sum, or denied entirely." (Doc. 16, 4:22-25.)  Plaintiff argues that this is simply a "damages methodology" which is not an affirmative defense. (Doc. 20, 9:12-13.)  Defendant responds that, even if Plaintiff's allegations are true, Plaintiff cannot obtain the damages sought because it is contrary to the legally recognized means by which television signal piracy cases are evaluated. (Doc. 21, 9:4-8.)

Plaintiff is correct that this affirmative defense attacks the method of calculating damages that may ultimately be awarded – it does not prevent Plaintiff from recovering and, thus, does not actually constitute an affirmative defense.  *Flay-O-Rich*, 846 F.2d at1349.  Defendant's Seventh Affirmative Defense is STRICKEN.

### h.    Tenth Affirmative Defense (No Basis for Conversion Damages)

Defendant's Tenth Affirmative Defense states that a broadcast signal is not the proper subject of a claim for conversion under California law.  (Doc. 16, 5:4-9.)  This is essentially an allegation that Plaintiff's claim for conversion is defective and cannot comprise a claim for which relief can be granted.  This does not constitute an affirmative defense.  *Flay-O-Rich,* 846 F.2d at 1349 (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense).  Defendant's Tenth Affirmative Defense is STRICKEN.

i.        **Twelfth Affirmative Defense (Reservation of Defenses)**

Defendant's Twelfth Affirmative Defense reserves the right to amend his affirmative defenses. (Doc. 16, 5:14-17.)  "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.  Instead, if at some later date defendant[] seek[s] to add affirmative defenses, [he] must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis v. Zenith Capital, LLC,* No. 08-cv-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009); *J & J Sports Prods. Inc. v. Mendoza-Govan*, No. 10-cv-05123 WHA, 2011 WL 1544886, at*7 (N.D. Cal., Apr. 25, 2011).  Defendant's Twelfth Affirmative Defense is STRICKEN.

2.        **Defense Insufficiently Pled: Ninth Affirmative Defense (Unjust Enrichment)**

Defendant's Ninth Affirmative Defense asserts that Plaintiff would be unjustly enriched if awarded the relief sought in the complaint.  (Doc. 16, 5:2.)  Plaintiff contends that this statement is insufficient because it merely references the doctrine of unjust enrichment, and it does not explain how Plaintiff would be unjustly enriched.  Defendant asserts that this defense should not be stricken because "there would be no prejudice for leaving [this] affirmative defense[] in the pleadings." (Doc. 21, 10:21-23.)

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citations omitted).  "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citations omitted).

Plaintiff argues that the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and clarified in *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937 (2009), is applicable to the sufficiency of affirmative defenses.  Whether *Iqbal* and *Twombly* apply to affirmative defenses has not yet been tested in the Ninth Circuit, and this Court need not reach the issue here.

Even under the lower standard of *Wyshak*, the Court finds that this defense is  insufficiently pled.  There are simply no facts or theories pled as to how Plaintiff will be unjustly enriched if awarded the damages sought. *See. Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50

7

(N.D. Cal. 2004) (striking affirmative defenses of waiver and estoppel where defendant failed to provide any factual basis for the defenses).  Defendant's Ninth Affirmative Defense is STRICKEN.

**3.      Defenses Insufficient as a Matter of Law**

**a.      Eighth Affirmative Defense (Failure to Mitigate)**

In his Eighth Affirmative Defense, Defendant asserts that "the damages alleged by Plaintiff were not properly mitigated by Plaintiff." (Docs. 7, 8 ¶ 11.)  The complaint, however, alleges no continuing harm.  *See Valle De Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994) (duty to mitigate generally arises when the injured party has an opportunity to prevent continuation or enhancement of the injury).  Rather, Plaintiff's claims arise from Defendant's alleged unauthorized showing of the Program – a discrete event.  On the face of the answer, Defendant's allegation that Plaintiff failed to mitigate damages appears to be without merit, and under "no set of circumstances could the defense succeed."  *Ganley*, 2007 WL 902551, at *1.  Defendant's Eighth Affirmative Defense is STRICKEN.

**b.      Eleventh Affirmative Defense (Defendant Unaware)**

Defendant's Eleventh Affirmative Defense states that he was not aware and had no reason to believe that his acts constituted any violation of the law.  (Doc. 16, 5:11-12.)  Plaintiff asserts that this is legally insufficient because ignorance of the law is not a proper defense.  (Doc. 20, 12-11.)  Defendant argues that this defense is proper and relevant because if his actions were not intentional, malicious, or willful, "Plaintiff cannot obtain the recovery sought."  (Doc. 21, 10:4-10.)

To the extent that this affirmative defense asserts ignorance of the law, it is not a defense to liability.  *United States v. Fierros*, 692 F.2d 1291, 1294 (9th Cir. 1982); *J & J Sports Prods., Inc. v. Enedina Soto*, No. 10-cv-00885, 2010 WL 3911467, at *2 (S.D. Cal. Sept. 28, 2010) (striking "mistake of law" affirmative defense because "even if Defendants can show they did not know they were violating the law, their liability is not excused").

To the extent that Defendant is arguing that, if he can show that he did not act knowingly, damages under Section 553 or Section 605 may be reduced, a limitation on damages due to a lack of intent is not relevant to precluding liability under Sections 553 and 605.  *See J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10cv05123 WHA, 2011 WL 1544886, at *5 -*6 (N.D. Cal. Apr. 15,

2011).  Defendant remains free to raise this issue during the litigation, but it is not an affirmative

defense.  The Eleventh Affirmative Defense is STRICKEN.

### c.    Thirteenth Affirmative Defense (Statute of Limitations)

Defendant's affirmative defense that Plaintiff's claims are outside the applicable statute of

limitation is insufficient.  The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one

year.  *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008).  The statute of limitations for

conversion in California is three years.  Cal. Civ. Pro. Code § 338(c).  The statute of limitations for

claims under the Unfair Competition Law is four years.  Cal. Bus. & Prof. Code § 17208.  Less than

one year has elapsed between the violations allegedly committed on September 19, 2009, and the

date the complaint was filed on September 16, 2009.  While at this stage of the litigation the Court

cannot conclude that the claims are all definitively timely under the applicable statutes of limitations,

this defense, as pled, is insufficient.  There is no theory offered or facts pled giving Plaintiff notice

of how, given the allegations of the complaint and the date the complaint was filed, Plaintiff's action

is nonetheless outside the applicable statutes of limitations.   Therefore, Defendant's Thirteenth

Affirmative defense that Plaintiff's claims are barred by the applicable statutes of limitations is

STRICKEN.

### 4.    Immaterial and Impertinent Defense (Fourteenth Affirmative Defense)

Defendant's Fourteenth Affirmative Defense asserts that Defendant obtained what he thought

to be a lawful license to operate the television at the establishment and exhibit the signals they were

receiving.  (Doc. 16, 6:2-3.)  Plaintiff argues that the defense has no relevance, and, even if it did,

the complaint alleges that Defendant was not a licensee of the program – thus, this defense merely

attacks the allegations of the complaint.  Defendant offers no opposition to Plaintiff's argument other

than to state that there is no prejudice for leaving this affirmative defense in the pleadings.  (Doc.

21, 10:20-23.)

As Sections 553 and 605 impose strict liability, a mistake with regard to the license is not a

fact that would preclude liability.  Thus, this defense is irrelevant and is STRICKEN.

1

**C.      Conclusion**

2          Plaintiff asserts it will be prejudiced if the Court allows these "affirmative defenses" to stand

3   because Plaintiff will have to expend time and resources litigating irrelevant issues. (Doc. 20, 14:3-

4   7.)  While many of the defenses asserted are not accurately characterized as affirmative defenses in

5   the technical sense, they are still defenses that Defendant will be able to pursue during the course of

6   litigation – which Plaintiff concedes. (*See*, *e.g.,* Doc. 20, 7:22-23 ("This only serves to underscore

7   the fact that this is not an 'affirmative' defense, but merely a possible defense at trial.").)  As a result,

8   the filing of a motion to strike these defenses appears largely tactical in nature. This is precisely why

9   motions to strike are not often granted and are generally disfavored. *See State of Cal. ex rel. State*

10  *Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Motions to strike are often looked

11  on with disfavor because of the tendency for such motions to be asserted for dilatory purposes.");

12  *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 632 (S.D. Cal. 1998) ("Motions to strike are

13  disfavored and are rarely granted.").

14         For the reasons set forth above, Plaintiff's Motion to Strike affirmative defenses in

15  Defendant's answer is GRANTED, and Defendant is free to file an amended answer. *Wyshak*,

16  607 F.2d at 826-27.

17         Accordingly, IT IS HEREBY ORDERED THAT:

18  1.      Plaintiff's Motion to Strike is GRANTED; and

19  2.      Defendant is granted fifteen (15) days to file an amended answer to the extent that

20          the deficiencies stated above can be adequately remedied.

21

22  IT IS SO ORDERED.

23  **Dated:    June 7, 2011                               /s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28